# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**ROBERT A. PETTY,**

    **Defendant.**

Case No. 2:18-cr-53(4)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court are Defendant Robert Petty's ("Defendant") Motions for Compassionate Release (ECF Nos. 155, 162). The Government opposes Defendant's motions (ECF No. 164). For following reasons, Defendant's Motions (ECF Nos. 155, 162) are **DENIED**.

### I.

On August 2, 2018, Defendant pleaded guilty to one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g). (ECF No. 69.) Defendant appeared before the Court for sentencing on April 4, 2019 and was sentenced to 50 months' imprisonment followed by a three-year term of supervised release. (ECF No. 143.) Due to the COVID-19 pandemic, Defendant now asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* ECF Nos. 155, 162.)

### II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D)

§ 3582(c)(1)(A), 98 Stat. 1837 (1984).  Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP").  *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence.  The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief."  *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9.  First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction."  *Id.* (citing § 3582(c)(1)(A)).  Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11.  But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion.  *United States v.*

*Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant moves the Court for a compassionate release. He submits that he has asthma and Hepatitis C, and that these health conditions that put him at an elevated risk of contracting a serious case of COVID-19. (ECF No. 162 at 2– 5.) Defendant is incarcerated at FCI Beckley, which had 35 active cases of COVID-19 among inmates when Defendant filed his most recent motion on November 6, 2020. (*Id.* at 3.) He argues that his health conditions and the increased risk of contracting a severe case of COVID-19 while incarcerated at FCI Beckley amount to extraordinary and compelling circumstances. (*Id.* at 9.) As such, Defendant requests that this court reduce his sentence to time served and immediately place him on supervised release, with the condition that he be placed on home confinement through the remainder of his custodial term. (*Id.* at 20.) Defendant requested that the warden grant him compassionate release on September 15, 2020. (*Id.* at 13.) The warden denied Defendant's request on September 18, 2020 and Defendant administratively appealed on September 24, 2020. (*Id.*) The BOP denied Defendant's administrative appeal on October 1, 2020. (*Id.*) Defendant has satisfied the administrative requirements of § 3582(c)(1)(A); therefore, the Court has authority to decide this motion.

The Government opposes Defendant's release. The Government acknowledges that COVID-19 has impacted FCI Beckley, but argues that Defendant only offers "speculative concern over potential harm in his present situation" and that "many in society are operating under many

3

of the same concerns" as Defendant. (ECF No. 164 at 6.) Further, the Government argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against granting Defendant a compassionate release. (*Id.* at 7.)

When an inmate files a motion for compassionate release—as Defendant has done here—the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9. In defining "extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety). Likewise, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release[.]" *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

In this case, Defendant has only demonstrated that he has a generalized risk of contracting COVID-19. Defendant is 34 years old and does not suffer from any medical conditions that conclusively put him at an increased risk of contracting severe COVID-19. The CDC indicates that individuals who have Hepatitis C "might" be at an increased risk of contracting a severe case of COVID-19.[1] Similarly, the CDC states that individuals with "moderate to severe asthma"

---

[1] CDC, *What to Know About Liver Disease and COVID-19*, Coronavirus Disease 2019 (COVID-19) (Nov. 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-

"may" be at a risk of getting severe COVID-19.[2] And Defendant's medical records show that the BOP is equipped to provide Defendant any needed medical care for these conditions. (*See* ECF No. 162-1.)

The Court is mindful that the situation at FCI Beckley is worsening. FCI Beckley had 35 active cases among inmates when Defendant filed this motion. Just four weeks later, FCI Beckley now has 154 confirmed active cases among inmates.[3] The Court does not downplay the risk COVID-19 poses to those at FCI Beckley. However, the spread of COVID-19 is not happening only in BOP facilities. COVID-19 continues to spread at alarming rates across America, especially in Ohio.[4] As COVID-19 cases continue to spike, it is unknown to what degree removing Defendant from confinement would lessen his risk of contracting COVID-19. This unfortunate reality makes Defendant's case for an early release even less compelling. The BOP has taken several steps to mitigate the spread of COVID-19 within its facilities over the last nine months and should continue these efforts for as long as COVID-19 poses a threat to those in its care.[5]

The Court commends Defendant for the steps he has taken toward rehabilitation while incarcerated. But Defendant's Hepatitis C and asthma bundled with the general risk of contracting COVID-19 do not surmount the high bar of "extraordinary and compelling" set forth in § 3582(c)(1)(A)(i). *See Pratt*, 2020 WL 6382864, at *4; *Cleveland*, 2020 WL 6119416, at *2.

---

disease.html ("Currently, we have no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19.")

[2] CDC, *People with Moderate to Severe Asthma*, Coronavirus Disease 2019 (COVID-19) (Nov. 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.

[3] BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Nov. 27, 2020).

[4] Ohio Department of Health, *COVID-19 Dashboard*, https://coronavirus.ohio.gov/wps/portal/gov/covid-19/dashboards/overview/ (last visited November 30, 2020).

[5] BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Nov. 27, 2020).

5

## IV.

Accordingly, Defendant's Motions for Compassionate Release (ECF Nos. 155, 162) are **DENIED**.

**IT IS SO ORDERED.**

**12/1/2020**                          **s/Edmund A. Sargus, Jr.**
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**